**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**SATORI KEYS, #06312-017**                                                                   **PETITIONER**

**VERSUS**                                                    **CIVIL ACTION NO. 5:10-cv-86-DCB-MTP**

**BRUCE PEARSON**                                                                                  **RESPONDENT**

<u>MEMORANDUM OPINION</u>

This matter is before the court, <u>sua sponte</u>, for consideration of dismissal. Petitioner Satori Keys, an inmate at the Federal Correctional Complex, Yazoo City, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 on May 13, 2010. The court entered an order [3] on May 20, 2010, directing petitioner to file a written response providing specific information. Petitioner complied with this court's order [3] by filing a response [4] on May 26, 2010. Upon review of the record, the court has reached the following conclusions.

<u>Background</u>

Petitioner states that on June 26, 2006, he pleaded guilty to conspiracy with intent to distribute crack cocaine in the United States District Court for the Northern District of Florida and was subsequently sentenced to serve 210 months in the custody of the Bureau of Prisons.[1] <u>Pet</u>. [1], p. 1. Petitioner states he filed a direct appeal in the United States Court of Appeals for the Eleventh Circuit, however, Petitioner later withdrew his direct appeal. <u>Pet</u>. [1], p. 2. On July 27, 2007, petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28

---

[1] Petitioner states that his sentence has subsequently been reduced to 168 months as a result of the amendment to the sentencing guidelines for crack cocaine convictions. <u>Mem. in Supp</u>. [2], p. 3. According to the United States Courts PACER service, petitioner's motion for reduction of sentence pursuant to § 18 U.S.C. 3582(c)(2) was granted by the United States District Court for the Northern District of Florida on April 10, 2008 in <u>United States v. Keys</u>, No. 3:06-cr-13-MCR-MD-1 (N.D. Fla. June 28, 2006).

U.S.C. § 2255 in the United States District Court for the Northern District of Florida, which was denied on May 20, 2008.[2] Pet. [1], p. 3.

In the petition before this court, petitioner argues that the "government acted in bad faith for failure to filed (sic) a rule 35(b) based on substantial assistance rendered to government that led to prosecution of others."[3] Pet. [1], p. 6. As relief, petitioner requests that his sentence be reduced on a motion by the government pursuant to Federal Rules of Criminal Procedure 35(b). Mem. in Supp. [2], p. 3.

Analysis

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. United States v. Cleto, 956 F.2d 83, 84 (5th Cir.1992). As the United States Court of Appeals for the Fifth Circuit has recognized, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). On the other hand, "section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing." Ojo v. I.N.S.,106 F.3d 680, 683 (5th Cir.1997) (citing Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir.1990)).

In the instant case petitioner argues that, as a part of his plea agreement, he agreed to

---

[2] The information regarding the date petitioner's motion was filed and the date the order denying motion was entered was ascertained from the United States Courts PACER service.

[3] The court finds that Rule 35(b) referenced by the petitioner is Federal Rules of Criminal Procedure 35(b) which allows for a reduction in sentence upon motion of the government in exchange for substantial assistance from the defendant.

2

cooperate with the government and testify as a government witness and in return the government would move the court to reduce his sentence pursuant to Federal Rule of Criminal Procedure 35(b). Mem. in Supp. [2], p. 1. Petitioner further alleges that he has provided the substantial assistance to the government and that the government has not honored their part of the plea agreement by filing a motion for reduction of his sentence. Id. Clearly, these claims relate to alleged errors that occurred in the sentencing court and not to the manner in which his sentence is being executed. As such, this court does not have jurisdiction to address the constitutional issues presented by the petitioner. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack, 218 F.3d at 452.

However, "§ 2241 may be utilized by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the § 2255 'savings clause.'" Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir.2001).[4] Case law has made it clear that "[t]he petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective." Pack, 218 F.3d at 452. The Fifth Circuit has provided guidance as to the factors that must be satisfied for a petitioner to meet the stringent "inadequate or ineffective" requirement. See Reyes-Requena, 243 F.3d 893 (5th Cir.2001). The Court held the savings clause of § 2255 to apply to a claim:

---

[4] 28 U.S.C. § 2255 states as follows:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is <u>inadequate or ineffective to test the legality of his detention</u>.

> (1) when the claim is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and
> (2) that claim was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Reyes-Requena, 243 F.3d at 904. For the following reasons, petitioner fails to the to meet the requirements of the savings clause of § 2255.

Petitioner asserts that a § 2255 motion is an inadequate and ineffective remedy because "[i]t was not an issue at the time of my timely filed 28 U.S.C. § 2255 motion" and "the correct motion is a motion to compel, which I filed."[5] Resp. [4], p. 2. The court finds petitioner's argument in order to meet the savings clause requirements unpersuasive.

To meet the first prong of the Reyes-Requena test, petitioner must be relying on a decision by the Supreme Court which was retroactively applied establishing that the petitioner was convicted of a nonexistent crime. Reyes-Requena, 243 F.3d at 904. The petitioner has failed to provide <u>any</u> support to satisfy this requirement.[6] Thus, the petitioner has failed to meet the first prong of the requirements of Reyes-Requena.

Because both prongs of the Reyes-Requena test must be met for a claim to benefit from the savings clause, this court need not address the second prong of the test. Moreover, notwithstanding petitioner's allegation that the argument he presents was not an issue at the time of filing his first § 2255 motion, the United States Court of Appeals for the Fifth Circuit has held

---

[5] According to the United States Courts PACER service, petitioner's "motion to compel government to file a Fed. R. Crim. P. Rule 35(b)" was filed in the United States District Court for the Northern District of Florida on May 5, 2008, which was denied on June 3, 2008, in <u>United States v. Keys</u>, No. 3:06-cr-13-MCR-MD-1 (N.D. Fla. June 28, 2006).

[6] Petitioner cites numerous cases in his pleadings, however, he does not rely on any of the cited cases in order to establish that he meets the savings clause requirements.

4

that a "prior unsuccessful § 2255 motion, or the inability to meet AEDPA's 'second or successive' requirement does not make § 2255 inadequate or ineffective." Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000); see also Pierre v. Justice, 222 Fed. App'x 415 (5th Cir. 2007) (§ 2255 motion dismissed as time-barred failed to establish the inadequacy or ineffectiveness of the § 2255 remedy). Therefore, since the petitioner's claims do not meet the stringent requirements of the savings clause, he will not be allowed to proceed with this action pursuant to 28 U.S.C. § 2241.

## Conclusion

As stated above, § 2241 is not the proper forum to assert petitioner's claims. Therefore, this § 2241 petition will be dismissed, without prejudice, as frivolous and to the extent that the petition can be construed as a § 2255 motion it shall be dismissed for this court's lack of jurisdiction, with prejudice. See Pack, 218 F.3d at 454-55.

A final judgment in accordance with this memorandum opinion shall be issued.

SO ORDERED, this the   28th    day of July, 2010.


                                                    s/ David Bramlette
                                        UNITED STATES DISTRICT JUDGE